**David Allen OBERG, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21883.**

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1965.

John C. Ross, Jr., El Paso, Tex., for appellant.

Fred S. Morton, Asst. U. S. Atty., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before BROWN and COLEMAN, Circuit Judges, and MORGAN, District Judge.

COLEMAN, Circuit Judge.

Appellant was found guilty by a jury in the federal district court and sentenced to serve a term of two years for the transportation of a stolen vehicle in violation of 18 U.S.C. § 2312.

The original arrest was made by state officers for permitting an unlicensed driver to operate a motor vehicle in which he was an occupant. Appellant pleaded guilty to this charge, was fined, and sentenced to jail in default of payment.

When the automobile was first stopped, appellant claimed that the motor vehicle had been borrowed. Later in the day, after he had been sentenced on the state charges, he gave state authorities a written statement intended to support this contention. Two days later, an oral statement concerning the transportation was made to an agent of the Federal Bureau of Investigation. During the trial from which this appeal is taken both statements were introduced in evidence over objection. It might be pointed out, however, that neither was necessary to a conviction since the vehicle owner testified for the prosecution and the appellant took the stand in his own behalf. The veracity of the owner and the appellant was the determinative issue and the jury resolved this in favor of the prosecution.

■■ Appellant here complains that the written statement made to the state authorities should not have been admitted because he had not been warned as required by Article 727 of the Texas Code of Criminal Procedure. If a person is in jail, or otherwise confined, or in the custody of an officer, Article 727 prohibits any written statement unless it shows "that he has been warned by the person to whom the same is made". The warning must inform him that he does not have to make a statement and that any statement made may be used in evidence against him on his trial. There

are other provisions not applicable to this appeal.

Obviously, the purpose of Article 727 is to assure the voluntary character of confessions. Appellant argued that he had not been *verbally* warned, and the state officer declined to state with certainty that he had been so warned. The record establishes, however, that the warning appeared on the face of the written instrument and that prior to signature it was read and understood by the appellant. The requirements of state law were in fact clearly complied with, making it unnecessary to consider the additional contentions of the appellant in this regard, especially since no real question is raised, or could be raised, from this record as to the voluntary character of the statement.

Even if this were not the case, we must point out that Rule 26 of the Federal Rules of Criminal Procedure provides that "the admissibility of evidence and the competency and privileges of witnesses shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience".

This being a federal prosecution, there would be no occasion to look to the state law for a rule of evidence merely because it might be favored in the courts of a particular state. Barron, Federal Practice and Procedure, Rules Edition, Vol. 4, p. 174.

Appellant further contends that the statement made to the federal agent was not admissible under the rule of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The infirmity in this contention is that we do not here have an Escobedo situation. As to the statement given the federal officer the record clearly shows that appellant was fully informed of his right to remain silent and to consult an attorney. To this the appellant responded that he did not need a lawyer and deemed it to be of no importance to him.

The guilt of the appellant being clearly shown in that version of the testimony accepted by the jury and there being no infringement of constitutional guaranties, the judgment of conviction must be and is

Affirmed.